IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-CV-0382-W-DGK |
| | ) | |
| C.T. CORP. SYSTEMS, R.A., | ) | |
| CHECK (n) GO, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Pending before the Court is Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security With Affidavit of Financial Status in Support (docs. 1-2), and Plaintiff's Complaint (doc. 1-1). Finding that the Complaint lacks an arguable basis in law, the Application is DENIED, and this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal is without prejudice to the filing of a paid complaint.

**I.      The Application is denied because the Complaint lacks an arguable basis in law.**

The process for determining whether a plaintiff should be granted leave to proceed in forma pauperis, that is, without payment of fees, costs, or security, consists of two steps. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). First, the court must decide whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a)(1). *Id.* If the plaintiff qualifies by economic status then the court must decide whether the action should nonetheless be dismissed because it is "frivolous or malicious" or seeks monetary relief against a party immune from such damages. 28 U.S.C.A. § 1915(e)(2)(B). *Id.*

### A. Plaintiff qualifies by economic status.

Title 28 U.S.C.A. § 1915(a)(1) provides that a court may authorize the commencement of any suit without prepayment of fees or costs by a person who submits an affidavit that he or she is unable to pay such fees or costs. In weighing Plaintiff's application the Court is guided by Local Rule 83.7's admonition that court fees and costs should not "cause the applicant to give up the basic necessities of life." In his affidavit of financial status Plaintiff reports that he is sixty-five years-old and retired; single with no dependents; owns his own home and a car, but has almost no equity in either; and has a monthly income of $2,200 from a pension and Social Security, but monthly expenses of $3,300, much of which is medical related. While he is not indigent, his monthly expenses are such that he cannot pay the costs of this lawsuit without being deprived of the basic necessities of life, therefore he is qualified by economic status to proceed in forma pauperis.

### B. The Complaint is frivolous under § 1915(e)(2)(B).

The Court now turns to whether this action should be dismissed because it is frivolous or malicious, or demands money damages of an immune defendant. *Cf. Martin-Trigona*, 691 F.2d at 857. A complaint is frivolous under § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To lack an arguable basis in fact a complaint must contain allegations which are fantastic or delusional. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint is not also frivolous simply because it could not survive an initial motion to dismiss for failure to state a claim. *Neitzke*, 490 U.S. at 331. In reviewing a pro se complaint at this stage the Court gives the complaint the benefit of every doubt, no matter how unlikely. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Here the entire Complaint states as follows:

> COME NOW the defendant a foreign financial institution who has financial stores all over America has the audacity to cross over seas to invade the USA in the same manner as foreigners utilized American's resources to stage an attack in USA on American soil on 11 September 2011 in New York, City; Whereby, Check [N] Go (a foreign entity) with the same boldness and tenacity failed to inform plaintiff via transaction **DISCLOSURE** that it was charging the plaintiff a high enough interest rate which allowed defendant to take plaintiff's money to redeposit it in a FDIC bank; WHEREBY, plaintiff was paying a high interest with **plaintiff's own money** while defendant was out of risk, because defendant did not have to use its own money, but used the money of hard working Americans by charging them balloon interest loan rates which was designed to have the plaintiff and others (like plaintiff) to make loan payments & pay loan perpetually.
>
> THEREFORE, on April 2011, after doing business with Check [N] Go located at 9262 Blue Ridge Blvd in Kansas City, MO for over 5 years, plaintiff decided that enough is enough and seeks punitive damages for $177,000 dollars or the minimum amount required by law.

The allegation is not that the Defendant charged an illegal rate or failed to make a required disclosure, but that the defendant is a foreign entity charging an interest rate that is high enough that the loan is difficult for him to repay, and a foreign company should not be allowed to do this. While the Defendant may be a foreign company, the interest rate may be high, and the loan difficult to repay, that does not make it actionable. The Complaint does not just fail to state a claim, it is hopelessly unredeemable. Consequently, Plaintiff's motion to proceed in forma pauperis must be denied.

Plaintiff's Application for Leave to File Without Payment of Fees is DENIED (doc. 1) and this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal is without prejudice to the filing of a paid complaint.

**IT IS SO ORDERED.**

Date:   April 19, 2011                                /s/ Greg Kays
                                                     GREG KAYS, JUDGE
                                                     UNITED STATES DISTRICT COURT